UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADKM, INC. d/b/a HARRY'S RAZOR )<br>COMPANY and FEINTECHNIK GmbH, )<br>)<br>Defendants. )<br>) | Civil Action<br>No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff The Gillette Company ("Gillette"), for its Complaint against Defendants ADKM, Inc. d/b/a Harry's Razor Company ("Harry's") and Feintechnik GmbH ("Feintechnik," referred to herein collectively with Harry's as "Defendants"), alleges as follows:

## PARTIES

1. Gillette is a Delaware corporation having a principal place of business at 1 Gillette Park, Boston, Massachusetts 02127.

2. On information and belief, Harry's is a Delaware corporation having a principal place of business at 78 Irving Place, Suite 7A, New York, New York 10003.

3. On information and belief, Feintechnik is a German corporation having a principal place of business at Seeweg 4, 98673 Eisfeld/Thüringen, Germany.

## NATURE OF THE ACTION

4. This is a civil action for infringement of United States Patent No. 5,794,354 ("the '354 patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

5. This is an action for patent infringement under 35 U.S.C. § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because Defendants have imported the accused products for sale in this judicial district and/or have sold the accused products in this judicial district.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## THE PATENT-IN-SUIT

8. Gillette owns the '354 patent, entitled "Razors," which the U.S. Patent and Trademark Office duly and legally issued on August 18, 1998. A copy of the '354 patent is attached as Exhibit A.

## COUNT I: PATENT INFRINGEMENT

9. Gillette incorporates paragraphs 1-8 here.

10. Defendants import and have imported, and Harry's offers for sale, sells, offered for sale, and sold razor blade cartridges called "Harry's Blades" on the website https://www.harrys.com/. A printout of a page from that website showing Harry's Blades is attached as Exhibit B. Defendants import, offer to sell, sell, have imported, offered to sell, and sold Harry's Blades in packages of razor blade cartridges (4 pack, 8 pack, 12 pack, and 16 pack), attached to razor handles "The Truman" and "The Winston," and as part of razor/cartridge sets "The Truman Set" and "The Winston Set."

11. Defendants' unauthorized imports and past imports and Harry's unauthorized offers for sale, sales, past offers for sale, and past sales of Harry's Blades infringe at least claim 8 of the '354 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents.

Gillette is entitled to recover all damages caused by Defendants' infringement under 35 U.S.C. § 284.

12. Defendants' continued imports and Harry's continued offers for sale and sales are injuring Gillette and will cause Gillette irreparable injury if not preliminarily and permanently enjoined. Gillette is entitled to preliminary and permanent injunctions prohibiting Defendants from importing and Harry's from offering for sale and selling Harry's Blades under 35 U.S.C. § 283.

13. Upon information and belief, Defendants have actual knowledge of the '354 patent and that its products infringe at least claim 8 of that patent. Gillette is entitled to treble damages and its attorney fees and costs incurred in this action, along with prejudgment interest, under 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Gillette respectfully requests the Court enter judgment against Defendants as follows:

A. That Defendants have infringed the '354 patent;

B. That Defendants' infringement of the '354 patent has been willful;

C. A preliminary and permanent injunction preventing Defendants from making, using, selling, offering for sale, selling, or importing the accused Harry's Blades;

D. That Defendants account for all sales and revenues derived from the unauthorized sale of the accused Harry's Blades and that Gillette be awarded compensatory damages of either Gillette's lost profits or a reasonable royalty on Defendants' infringing sales;

E. That Defendants account for all ongoing sales and revenues of the accused Harry's Blades and that Gillette be awarded ongoing reasonable royalties on Defendants' infringing sales, absent an injunction;

F. That Gillette be awarded three times the damages found in accordance with the preceding paragraphs under 35 U.S.C. § 284;

G. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285, and that Gillette be awarded the costs and reasonable attorney fees and expenses it incurs in this action;

H. That Gillette be awarded prejudgment interest against Defendants on all sums allowed by law; and

I. That Gillette be awarded such other and further relief at law or equity as the Court deems just and proper.

## JURY DEMAND

Gillette demands a trial by jury on all claims and issues so triable.

Dated: May 10, 2013
Boston, Massachusetts

Respectfully submitted,

THE GILLETTE COMPANY,

By its counsel,

/s/ Christopher M. Morrison
Christopher M. Morrison (BBO #651335)
JONES DAY
100 High Street, 22nd Floor
Boston, Massachusetts 02110
Telephone:  (617) 960-3939
Facsimile:  (617) 449-6999
cmorrison@jonesday.com

*Of counsel:*

William C. Rooklidge
Michael J. Stimson
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539